**UNITED STATES DISTRICT COURT**
**SOTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**CASE NO. 17-CV-24069-PCH**

MSP RECOVERY CLAIMS, SERIES LLC,
a Delaware entity,

       Plaintiff,

v.                                     **CLASS ACTION**

AUTO-OWNERS INSURANCE
COMPANY, a Foreign Profit Corporation,

       Defendant.

_____/

**PLAINTIFF'S FIRST AMENDED**
**CLASS COMPLAINT FOR DAMAGES**

       Plaintiff, MSP Recovery Claims, Series LLC, a Delaware entity ("Plaintiff"), on behalf of itself and all others similarly situated, brings this action against Auto-Owners Insurance Company, a Foreign Profit Corporation (hereinafter referred to as "Defendant"), and states as follows:

**NATURE OF THE ACTION**

       Medicare is a system of federally-funded health insurance for people 65 and older, certain disabled persons, and persons with End Stage Renal Disease. Congress enacted the Medicare program in 1965, as Title XVIII of the Social Security Act (the "Medicare Act"). 42 U.S.C. § 1395, *et seq.* Medicare is an enormous and complex federal program that insured over 55.3 million Americans in 2015 with total expenditures of $647.6 billion, compared to total income of $644.4 billion, a deficit of $3.2 billion.

1

As set forth below, in response to the rising cost of healthcare paid for by the Medicare program, Congress created the Medicare Advantage ("MA") program "to harness the power of private sector competition to stimulate experimentation and innovation that would ultimately create a more efficient and less expensive Medicare system." *In re Avandia Mktg., Sales Practices & Prod. Liab. Litig.*, 685 F.3d 353, 363 (3d Cir. 2012) (citing H.R. Rep. No. 105-217, at 585 (1997), 1997 U.S.C.C.A.N. 176, 205-06 (Conf. Rep.)). By allowing private insurers to offer Medicare benefits, Congress intended for the efficiencies of private managed care systems to reduce Medicare costs. Private insurers that offer Medicare benefits are called Medicare Advantage Organizations or "MAOs."

To ensure that the Medicare Advantage program reduces Medicare costs, Congress created the "Medicare Secondary Payer" provisions, codified at 42 U.S.C. § 1395y (the "MSP Act"), which made Medicare and MAOs the payers of last resort. For example, where a Medicare beneficiary incurs medical expenses arising from an automobile accident, the relevant automobile liability and no-fault insurance policies should pay first, and are the "primary" source of recovery for medical expenses. Medicare and MAOs should pay last (if ever at all), and are the "secondary" source of recovery. *See* 42 U.S.C. § 1395y(b)(2). Under the MSP Act, if Medicare or an MAO pays when a primary insurer should have paid, such a payment is deemed to be a "conditional payment," and the primary insurer is required by law to reimburse that conditional payment.

Refusal and failure to reimburse conditional payments is endemic in the automobile insurance industry. Virtually every no-fault automobile insurer has displayed a systemic and uniform course of conduct of refusing to reimburse Medicare and MAOs for conditional payments. In this case alone, Defendant failed to reimburse thousands of conditional payments.

2

This conduct impairs the ability of Medicare and MAOs to offer Medicare benefits to the millions of citizens who depend on them.

Fortunately, Congress gave MAOs a private right of action to bring recalcitrant insurers to heel, which Plaintiff asserts, together with common-law and equitable claims, as set forth below. Plaintiff asserts these claims on its own behalf and on behalf of a Class of similarly-situated MAOs and assignees, to recover conditional payments made on behalf of Medicare beneficiaries enrolled in Medicare Part C (the "Medicare Beneficiaries"), for medical expenses resulting from car accidents ("accident-related medical expenses"). These payments were conditional, because the Medicare Beneficiaries were insured by Defendant no-fault insurance policies when the accidents occurred. Under the MSP Act, Defendant was the primary insurer and should have paid its insureds' accident-related medical expenses. Any payments by Plaintiff's assignors or Class Members were conditional payments requiring reimbursement from Defendant, but Defendant has failed and refused to reimburse those conditional payments, which subjects it to liability under the MSP Act and Florida law.

Accordingly, Plaintiff sues, on its own behalf and on behalf of a Class of similarly-situated MAOs and their assignees, to recover conditional payments for Medicare Beneficiaries' accident-related medical expenses that Defendant failed or refused to reimburse. On behalf of itself and the Class, Plaintiff seeks: (1) double damages under the MSP Act for Defendant's failure to properly reimburse conditional payments for Medicare Beneficiaries' accident-related medical expenses within the applicable limitations period; and (2) reimbursement for all sums, on a fee-for-service basis, that Plaintiff's assignors and Class Members were billed for medical care and treatment rendered to the Medicare Beneficiaries within the applicable limitations period, for which Defendant was responsible as primary payer.

## JURISDICTION AND VENUE

1.     This Court has jurisdiction over the subject matter of this action under 28 U.S.C. § 1331 (federal question).

2.     Venue is proper under 28 U.S.C. § 1391 in the United States District Court for the Southern District of Florida because it is the district in which the cause of action accrued.

3.     This Court has personal jurisdiction over Defendant insofar as the Defendant is authorized and licensed to conduct business in Florida, maintain and carry on systematic and continuous contacts in this judicial district, regularly transact business within this judicial district, and regularly avail themselves of the benefits in this judicial district.

4.     All conditions precedent to this action have occurred, been performed, or have been waived, including meeting any purported threshold amount to the extent that is applicable.

## BACKGROUND

### I.     The Medicare Act

5.     In 1965, Congress enacted the Medicare Act with the purpose of establishing a federally-funded health insurance program for the elderly and disabled.

6.     The Medicare Act consists of five parts:  Part A, Part B, Part C, Part D, and Part E.  Parts A and B create, describe, and regulate traditional fee-for-service, government-administered Medicare.  *See* 42 U.S.C. §§ 1395c to 1395i–5; §§ 1395–j to 1395–w.  Under Parts A and B, Medicare provides hospital insurance and coverage for medically necessary outpatient and physician services.  42 U.S.C. § 1395w-21(a)(1)(A).  These benefits are administered on a per-fee basis, meaning Medicare pays for a beneficiary's medical needs as they arise.  The United States Centers of Medicare & Medicaid Services ("CMS") provides coverage under Parts A & B.  Part C outlines the Medicare Advantage program—described in further detail below—

4

wherein Medicare beneficiaries may elect to use private insurers, *i.e.*, MAOs, paid for by the United States, to provide Medicare benefits.  42 U.S.C. §§ 1395w–21–29.  Part D provides for prescription drug coverage for Medicare beneficiaries, and Part E contains various miscellaneous provisions.

## II.   Medicare Secondary Payer Laws

7.      At the time of its inception, Medicare was the primary payer of medical costs. When a Medicare beneficiary was injured, the medical bill was submitted directly to Medicare, even if there was overlapping insurance coverage for that patient.  However, in an effort to reduce escalating costs, Congress altered the Medicare payment scheme in 1980 by adding the Medicare Secondary Payer ("MSP") provisions to the Medicare Act.

8.      Under the MSP provisions, codified at 42 U.S.C. § 1395y, Medicare is the "secondary payer" to all other sources of coverage.  If there is overlapping insurance coverage for a particular beneficiary, that overlapping coverage is primary, *i.e.*, it pays the medical expense first—Medicare is always secondary.

9.      To enforce this scheme, the MSP provisions created "a private cause of action for damages (which shall be in an amount double the amount otherwise provided) in the case of a primary plan which fails to provide for primary payment (or appropriate reimbursement)[.]"  42 U.S.C. § 1395y(b)(3)(A).

10.     As no-fault and/or Med Pay insurers that issue policies pursuant to Florida's no-fault laws[1] or other laws allowing issuance of no-fault and Med Pay policies, Defendant is primary payers and plans.  *See* 42 U.S.C. § 1395y(b)(2)(A) (defining "primary plan" to include

---

[1]  Known as the "Florida Motor Vehicle No-Fault Law" and codified at sections 627.730-627.7405, Florida Statutes.

no-fault insurance); 42 C.F.R. § 411.21 (same).

### III.   Medicare Advantage Organizations

11.     In 1997, Congress amended the Medicare Act and added Part C. "The congressional goal in creating the Medicare Part C option was to harness the power of private sector competition to stimulate experimentation and innovation to create a more efficient and less expensive Medicare system." D. Gary Reed, Medicare Advantage Misconceptions Abound, 27 Health Law 1, 3 (2014).  Part C gives Medicare beneficiaries the option of receiving Medicare benefits through private insurers (*i.e*., MAOs).[2]

12.     MAOs enter into a contract with CMS to administer and provide the same benefits received under traditional Medicare.  42 U.S.C. §§ 1395w-21, 1395w-23.  Pursuant to this contract, MAOs receive a fixed payment from CMS for each enrollee.  MAOs do not issue a Medicare "insurance policy" but, rather, send out a document describing the Medicare benefits that beneficiaries receive. They do not pay benefits pursuant to a 'policy', but rather under a statutory framework.  Thus, MAOs pay healthcare providers directly for the care received by Part C beneficiaries.  If the costs of this care exceed the fixed payment received from the government, the MAO assumes the risk and cost.  However, if that care costs less than the fixed payment, the MAO keeps the difference as profit.  Thus, MAOs are incentivized to provide health insurance more efficiently and focus on positive health outcomes in a way that traditional fee-for-service Medicare models are not.  *See* H.R.Rep. No. 105–149, at 1251 (1997) (Part C allows "the Medicare program to utilize innovations that have helped the private market contain

---

[2] Originally, these plans were considered "Medicare+Choice" plans, but the Medicare Modernization Act (MMA) of 2003 renamed this service "Medicare Advantage" plans.

costs and expand health care delivery options.").

13.     To become an MAO, a private insurer must enter a bidding process, meeting certain requirements set by CMS.  Additionally, in providing the basic benefits offered to traditional Medicare beneficiaries, MAOs must abide by coverage determinations provided by CMS and all coverage disputes between beneficiaries and MAOs must go through the traditional Medicare appeals process.  CMS sets the fixed rate at which MAOs will be remunerated per enrollee and establishes services the MAO must provide.

14.     An enrollee's health coverage with an MAO is strictly construed and regulated by CMS.  For instance, CMS creates templates that MAOs must utilize when creating documents, including among others, the evidence of coverage ("EOC"), a document that describes in detail the health care benefits covered by the health plan. CMS requires that every evidence of coverage contain the following language:

> We have the right and responsibility to collect for covered Medicare services for which Medicare is not the primary payer. According to CMS regulations at 42 CFR §§ 422.108 and 423.462, [insert 2017 plan name], as a Medicare Advantage Organization, will exercise the same rights of recovery that the Secretary exercises under CMS regulations in subparts B through D of part 411 of 42 CFR and the rules established in this section supersede any State laws.

15.     The amount paid to the MAO is carefully calibrated, taking into account, such factors as the geographic location, age, disability status, gender, institutional status, and health status of *each* Medicare Advantage enrollee, so as to ensure actuarial equivalence with the traditional Medicare fee-for-service program option.  *See* 42 U.S.C. § 1395w-23(c).

16.     Currently, there are over 16 million individuals enrolled in Medicare Advantage plans nationwide. More than 37 million individuals are enrolled in Medicare prescription drug plans ("PDPs"), either on a stand-alone basis or in connection with a Medicare Advantage plan.

17.     The size and expense of the Medicare Advantage program makes it important that

auto insurance companies, like Defendant, do not deflect their financial obligations under the MSP law onto MAOs and ultimately onto the Medicare Trust Funds.[3]

18.     Beneficiaries who receive their benefits through the traditional Medicare scheme and those who elect to receive their benefits through an MAO plan are all considered Medicare beneficiaries.  Moreover, the MSP provisions apply with equal force to MAOs.  Indeed, MAOs are specifically allowed to "exercise the same rights to recover from a primary plan, entity, or individual that the Secretary exercises under the MSP regulations[.]" 42 C.F.R. § 422.108(f).

19.     The legislative history of the MSP provisions demonstrate that MAOs were intended to occupy a status analogous to that of traditional Medicare:

> Under original fee-for-service, the Federal government alone set the legislative requirements regarding reimbursement, covered providers, covered benefits and services, and mechanisms for resolving coverage disputes.  Therefore, the Conferees intend that this legislation provide a clear statement extending the same treatment to private [MA] plans providing Medicare benefits to Medicare beneficiaries.

H.R. Rep. No. 105–217, at 638 (1997).

20.     Part C of the Medicare Act also contains the following important provisions:

> Notwithstanding any other provision of law, a Medicare+Choice organization may (in the case of the provision of items and services to an individual under a Medicare+Choice plan under circumstances in which payment under this subchapter is made secondary pursuant to section 1395y(b)(2) of this title) charge or authorize the provider of such services to charge, in accordance with the charges allowed under a law, plan, or policy described in such section—
>
> (A)  the insurance carrier, employer, or other entity which under such law, plan, or policy is to pay for the provision of such services, or
>
> (B)  such individual to the extent that the individual has been paid under such law, plan, or policy for such services.

42 U.S.C. § 1395w–22(a)(4).

---

[3] Medicare is paid for through two trust fund accounts held by the U.S. Treasury.

21.     Section 1395y(a)(1)(A) of the Medicare statute states that, "no payment may be made under [the Medicare statute] for any expenses incurred for items or services which … are not **reasonable** and **necessary** for the diagnosis or treatment of illness or injury." 42 U.S.C. § 1395y(a)(1)(A) (emphasis added).

22.     Because this Section contains an express condition of payment—that is, "no payment may be made"—it explicitly links each Medicare payment to the requirement that the particular item or service be "reasonable and necessary."

23.     Once an MAO makes a payment for medical items and services on behalf of its beneficiaries, the payment is conclusive proof that the items and services were reasonable and necessary.

24.     If a Medicare beneficiary or primary payer contests an MAO's right to reimbursement, the claim is construed as "arising under" the Medicare Act. Therefore, the time limitations for contesting whether a claim is reasonable or necessary under the Medicare Act applies.

25.     In this case, Defendant failed to administratively appeal the MAOs' right to reimbursement within the administrative remedies period on a class-wide basis. Defendant, therefore, are time-barred from challenging the propriety or amounts paid.

26.     Furthermore, the MSP provisions create a private cause of action against a primary plan when the primary payer fails to pay first or does not reimburse an MAO for its payment: "There is established a private cause of action for damages (which shall be in an amount double the amount otherwise provided) in the case of a primary plan which fails to provide for primary payment (or appropriate reimbursement) in accordance with [the requirements of the MSP Act]." § 1395y(b)(3)(A).  The provisions do not place any limitations

9

on which private parties may bring suit.

## IV.   Primary Payer Reporting Requirements

27.    In 2007, the Medicare Act was once again amended by the Medicare, Medicaid and SCHIP Extension Act of 2007 ("MMSEA"), which aimed to improve the ability of CMS and MAOs to administer Medicare benefits.  Part of those changes specifically aimed to help CMS and MAOs identify when a Medicare beneficiary was covered by a primary insurance payer. When automobile accident victims go to the emergency room, they do not typically present their auto insurance card—they present their Medicare insurance credentials, and the medical expenses are sent to the Medicare provider.  Then, when the bill comes due, unless the auto insurance company affirmatively discloses that it is the primary payer for that medical expense, neither CMS nor MAOs know that these medical expenses should be paid by a primary payer. Consequently, CMS and MAOs pay the bill, and the automobile insurer avoids having to pay—at the expense of taxpayers.

28.    The 2007 amendments, therefore, created an affirmative duty on primary payers, such as Defendant, to notify Medicare and MAOs when they should pay for medical expenses or be primary payers.  Specifically, Responsible Reporting Entities ("RREs"), which include automobile insurers like the Defendant, must determine whether its insureds are Medicare beneficiaries when they have been injured in an automobile accident.  42 U.S.C. §§ 1395y(b)(7)(A)(i)[4] (RREs shall "determine whether a claimant (including an individual whose claim is unresolved) is entitled to benefits under" Medicare).  If an insured is a Medicare beneficiary, the RRE must electronically notify CMS of the accident and report the Medicare beneficiary's full name, Medicare Health Insurance Claim Number ("HICN"), gender, date of

---

[4] *See* 42 C.F.R. § 411.25.

birth, complete address, and phone number.  42 U.S.C. § 1395y(b)(7)(A)(ii).[5]  Then, when CMS

or an MAO receives a medical claim for payment for that identified Medicare

beneficiary/insured, the claim can be cross-checked against the notification database to

determine whether there is a primary payer responsible for the medical claim.  Anticipating the

burden of the new reporting requirements, CMS developed a "query process" whereby an RRE

can determine a claimant's Medicare status electronically and without authorization.  RREs can

electronically query whether a particular insured is a Medicare beneficiary and, if so, make sure

to notify Medicare when that insured is in an accident that resulted in the provision of medical

treatment.

29.     An insurance company's failure to comply with these reporting requirements

results in a civil money penalty of up to $1,000.00 for each day of noncompliance with respect to

each claimant.  42 U.S.C. § 1395y(b)(8)(E)(i).

30.     However, compliance with these reporting requirements does not absolve the

primary payer of its obligation to pay first.  The reporting requirements are separate and apart

from a primary payer's obligation to pay first under the MSP provisions.  Reporting does not,

itself, provide a safe harbor from making primary payments.  It only avoids the imposition of

civil penalties.  If a primary payer was responsible to pay first, it must pay first regardless of

conduct, intent, or even the primary payer's knowledge of a potential secondary payer.  The

obligation of a primary payer to pay first or reimburse CMS or MAOs is only discharged by

making the payment.

---

[5] RREs are also required to notify CMS and MAOs when the RRE has made the determination to
assume responsibility for ongoing medical services or items for one their insureds that is also a
Medicare beneficiary.

## V.    Personal Injury Protection (PIP) / Medical Payment (Med Pay) Insurance

31.    Personal Injury Protection ("PIP") and Medical Payment ("Med Pay") are types of automobile insurance coverage that pay for medical expenses arising from an automobile accident.

32.    PIP and Med Pay are sometimes referred to as "no-fault" coverage because the policies are designed to pay for medical expenses regardless of who is "at fault" in causing the injury.  If a person covered under a policy which includes PIP or Med Pay coverage is injured in an automobile accident, the insurance provider is obligated to pay for that person's medical expenses, up to the policy's limit, without regard to fault.

33.    Under the MSP provisions, PIP, Med Pay, and other "no-fault" insurance providers are considered "primary payers" under Medicare. This means, when a Medicare beneficiary is involved in an accident, if that beneficiary has PIP or Med Pay coverage, the no-fault coverage must pay for accident-related medical expenses as a primary payer.  Therefore, Medicare benefits only apply once the policy limits of the PIP or Med Pay coverage have been reached.[6]

34.    Each state's no-fault law is intended to expeditiously provide insurance benefits to the insured for medical treatment regardless of fault.

35.    The purpose of the no-fault statutory framework is to provide swift and virtually automatic payment.  All no-fault laws abolish "a traditional common-law right by limiting the recovery available to car accident victims" and in exchange, require PIP insurance that is

---

[6]  Regardless of whether payments to an injured party are made pursuant to a voluntary settlement or to satisfy a judgment, Medicare is entitled to reimbursement of payments made for medical treatment related to the automobile accident injuries covered under the PIP or Med Pay coverage.

recoverable without regard to fault.  No-fault insurers are primary payers of any bills for medical services and supplies incurred by their insureds resulting from the use, maintenance, and/or operation of a motor vehicle.

## PARTIES

36.     MSP Recovery Claims, Series LLC is a Delaware entity with its principal place of business located at 5000 S.W. 75th Avenue, Suite 400, Miami, Florida 33155. MSP Recovery Claims, Series LLC is a citizen of the State of Florida and is not a citizen of the state of any of the Defendant.  Numerous MAOs have assigned their recovery rights to assert the causes of action alleged in this Complaint to designated series LLCs of the Plaintiff, and Plaintiff maintains the legal right, by and through its limited liability company agreement, to sue on behalf of each of its designated series LLCs. As such, Plaintiff has the right and authority to seek reimbursement of Medicare payments made by the MAOs that should have been paid, in the first instance, by Defendant.

37.     Plaintiff may pursue and enforce all legal rights of recovery and reimbursement for health care services and Medicare benefits provided by health care organizations that administer Medicare benefits for beneficiaries under Medicare Part C; whether said rights arise from (i) contractual agreements, such as participation and network agreements with capitation and risk sharing arrangements, and/or (ii) state and federal laws that provide for the reimbursement of conditional payments made by the assignor health plans, including the right to recover claims for health care services billed on a fee-for-service basis.

38.     Defendant is an insurance company that is authorized to conduct business in the State of Florida.

39.     Complete diversity exists between the parties.

## **STANDING**

40.     Plaintiff has standing to bring these causes of action because certain MAOs, HMOs, MSOs, and IPAs (collectively, the "assignors"), assigned their rights of reimbursement, recovery and subrogation to Plaintiff.  Plaintiff owns all of the assignors' claims for reimbursement and recovery, as well as their subrogation rights, including the right to pursue recovery of medical claims or payments, amounts owed on unpaid bills, and expenses paid by the assignors on behalf of their beneficiaries from entities liable as primary payers (or entities that received payment from primary payers).

41.     All of these assignments are valid and binding contracts.

42.     The underlying assignments, alleged in some detail below, allow assigned all legal rights of recovery and reimbursement for health care services and Medicare benefits provided by health care organizations that administer Medicare benefits for beneficiaries under Medicare Part C; whether said rights arise from (i) contractual agreements, such as participation and network agreements with capitation and risk sharing arrangements, and/or (ii) state and federal laws that provide for the reimbursement of conditional payments made by the assignor health plans, including the right to recover claims for health care services billed on a fee-for-service basis.

43.     On 9/21/2015, ████████████████████ entered into an agreement with MSP Recovery 15-473, LLC, irrevocably assigning its right to recover conditional payments under the MSP law.  The assignment contract was executed by individuals of majority, of sound mind, and with legal authority to bind the respective parties.  The assignment was entered into under Florida law.  By the terms of the contract, the parties are required to maintain confidentiality relating to the existence of the assignment contract.  On 6/12/2017, MSP

14

Recovery 15-473, LLC entered into an agreement with MSP Recovery Claims, Series LLC, irrevocably assigning its right to recover conditional payments under the MSP law as assigned from ███████████████████  This assignment was made pursuant to the Series 15-09-32 agreement. This second assignment contract was executed by individuals of majority, of sound mind, and with legal authority to bind the respective parties.  This second assignment was entered into under Delaware law.  Consideration was given between each party in executing these assignments.

44.    On 12/10/2015, ██████████████████████ entered into an agreement with MSP Recovery 15-627, LLC, irrevocably assigning its right to recover conditional payments under the MSP law.  The assignment contract was executed by individuals of majority, of sound mind, and with legal authority to bind the respective parties.  The assignment was entered into under Florida law.  By the terms of the contract, the parties are required to maintain confidentiality relating to the existence of the assignment contract.  On 6/12/2017, MSP Recovery 15-627, LLC entered into an agreement with MSP Recovery Claims, Series LLC, irrevocably assigning its right to recover conditional payments under the MSP law as assigned from ████████████████  This assignment was made pursuant to the Series 15-12-404 agreement.  This second assignment contract was executed by individuals of majority, of sound mind, and with legal authority to bind the respective parties.  This second assignment was entered into under Delaware law.  Consideration was given between each party in executing these assignments.

45.    On 8/12/2015, ████████████████ entered into an agreement with MSP Recovery, LLC, irrevocably assigning its right to recover conditional payments under the MSP law.  The assignment contract was executed by individuals of majority, of sound mind,

and with legal authority to bind the respective parties.  The assignment was entered into under Florida law.  By the terms of the contract, the parties are required to maintain confidentiality relating to the existence of the assignment contract.  On 6/12/2017, MSP Recovery, LLC entered into an agreement with MSP Recovery Claims, Series LLC, irrevocably assigning its right to recover conditional payments under the MSP law as assigned from ███████████  ███████  This assignment was made pursuant to the Series 15-08-16 agreement.  This second assignment contract was executed by individuals of majority, of sound mind, and with legal authority to bind the respective parties.  This second assignment was entered into under Delaware law.  Consideration was given between each party in executing these assignments.

46.     On 8/12/2015, ██████████████████████ entered into an agreement with MSP Recovery, LLC, irrevocably assigning its right to recover conditional payments under the MSP law.  The assignment contract was executed by individuals of majority, of sound mind, and with legal authority to bind the respective parties.  The assignment was entered into under Florida law.  By the terms of the contract, the parties are required to maintain confidentiality relating to the existence of the assignment contract.  On 6/12/2017, MSP Recovery, LLC entered into an agreement with MSP Recovery Claims, Series LLC, irrevocably assigning its right to recover conditional payments under the MSP law as assigned from ███████████████████  This assignment was made pursuant to the Series 15-08-16 agreement.  This second assignment contract was executed by individuals of majority, of sound mind, and with legal authority to bind the respective parties.  This second assignment was entered into under Delaware law.  Consideration was given between each party in executing these assignments.

47.     On 12/16/2015, ███████ entered into an agreement with MSP Recovery, LLC,

irrevocably assigning its right to recover conditional payments under the MSP law.  The assignment contract was executed by individuals of majority, of sound mind, and with legal authority to bind the respective parties.  The assignment was entered into under Florida law.  By the terms of the contract, the parties are required to maintain confidentiality relating to the existence of the assignment contract.  On 6/12/2017, MSP Recovery, LLC entered into an agreement with MSP Recovery Claims, Series LLC, irrevocably assigning its right to recover conditional payments under the MSP law as assigned from ████████ This assignment was made pursuant to the Series 15-12-406 agreement. This second assignment contract was executed by individuals of majority, of sound mind, and with legal authority to bind the respective parties. This second assignment was entered into under Delaware law.  Consideration was given between each party in executing these assignments.

48.     On 3/1/2016, ████████████████ entered into an agreement with MSP Recovery, LLC, irrevocably assigning its right to recover conditional payments under the MSP law.  The assignment contract was executed by individuals of majority, of sound mind, and with legal authority to bind the respective parties.  The assignment was entered into under Puerto Rico law.  By the terms of the contract, the parties are required to maintain confidentiality relating to the existence of the assignment contract.  On 6/12/2017, MSP Recovery, LLC entered into an agreement with MSP Recovery Claims, Series LLC, irrevocably assigning its right to recover conditional payments under the MSP law as assigned from ██████████████ This assignment was made pursuant to the Series 16-03-444 agreement. This second assignment contract was executed by individuals of majority, of sound mind, and with legal authority to bind the respective parties.  This second assignment was entered into under Delaware law.  Consideration was given between each party in executing these assignments.

49.     On 2/26/2016, ███████████████████████████ entered into an agreement with MSP Recovery, LLC, irrevocably assigning its right to recover conditional payments under the MSP law.  The assignment contract was executed by individuals of majority, of sound mind, and with legal authority to bind the respective parties.  The assignment was entered into under Puerto Rico law.  By the terms of the contract, the parties are required to maintain confidentiality relating to the existence of the assignment contract.  On 6/12/2017, MSP Recovery, LLC entered into an agreement with MSP Recovery Claims, Series LLC, irrevocably assigning its right to recover conditional payments under the MSP law as assigned from ████████████████████.  This assignment was made pursuant to the Series 16-03-441 agreement. This second assignment contract was executed by individuals of majority, of sound mind, and with legal authority to bind the respective parties.  This second assignment was entered into under Delaware law.  Consideration was given between each party in executing these assignments.

50.     On 2/18/2016, ██████████████████████ entered into an agreement with MSP Recovery, LLC, irrevocably assigning its right to recover conditional payments under the MSP law.  The assignment contract was executed by individuals of majority, of sound mind, and with legal authority to bind the respective parties.  The assignment was entered into under Florida law.  By the terms of the contract, the parties are required to maintain confidentiality relating to the existence of the assignment contract.  On 6/12/2017, MSP Recovery, LLC entered into an agreement with MSP Recovery Claims, Series LLC, irrevocably assigning its right to recover conditional payments under the MSP law as assigned from ██████████████ ████.  This assignment was made pursuant to the Series 16-02-437 agreement. This second assignment contract was executed by individuals of majority, of sound mind, and with legal

authority to bind the respective parties.  This second assignment was entered into under Delaware law.  Consideration was given between each party in executing these assignments.

51.    On 2/4/2016, ███████████████ entered into an agreement with MSP Recovery, LLC, irrevocably assigning its right to recover conditional payments under the MSP law.  The assignment contract was executed by individuals of majority, of sound mind, and with legal authority to bind the respective parties.  The assignment was entered into under Florida law.  By the terms of the contract, the parties are required to maintain confidentiality relating to the existence of the assignment contract.  On 6/12/2017, MSP Recovery, LLC entered into an agreement with MSP Recovery Claims, Series LLC, irrevocably assigning its right to recover conditional payments under the MSP law as assigned from ███████████████. This assignment was made pursuant to the Series 16-02-427 agreement. This second assignment contract was executed by individuals of majority, of sound mind, and with legal authority to bind the respective parties.  This second assignment was entered into under Delaware law. Consideration was given between each party in executing these assignments.

52.    On 1/19/2017, ███████████████ entered into an agreement with MSP Recovery, LLC, irrevocably assigning its right to recover conditional payments under the MSP law.  The assignment contract was executed by individuals of majority, of sound mind, and with legal authority to bind the respective parties.  The assignment was entered into under Florida law.  By the terms of the contract, the parties are required to maintain confidentiality relating to the existence of the assignment contract.  On 6/12/2017, MSP Recovery, LLC entered into an agreement with MSP Recovery Claims, Series LLC, irrevocably assigning its right to recover conditional payments under the MSP law as assigned from ███████████████. This assignment was made pursuant to the Series 17-03-584 agreement. This second assignment

contract was executed by individuals of majority, of sound mind, and with legal authority to bind the respective parties.  This second assignment was entered into under Delaware law.  Consideration was given between each party in executing these assignments.

53.     On 5/2/2016, ███████████ entered into an agreement with MSP Recovery, LLC, irrevocably assigning its right to recover conditional payments under the MSP law.  The assignment contract was executed by individuals of majority, of sound mind, and with legal authority to bind the respective parties.  The assignment was entered into under Puerto Rico law.  By the terms of the contract, the parties are required to maintain confidentiality relating to the existence of the assignment contract.  On 6/12/2017, MSP Recovery, LLC entered into an agreement with MSP Recovery Claims, Series LLC, irrevocably assigning its right to recover conditional payments under the MSP law as assigned from ███████████.  This assignment was made pursuant to the Series 16-02-445 agreement.  This second assignment contract was executed by individuals of majority, of sound mind, and with legal authority to bind the respective parties.  This second assignment was entered into under Delaware law.  Consideration was given between each party in executing these assignments.

54.     On 2/22/2016, ██████████████ entered into an agreement with MSP Recovery, LLC, irrevocably assigning its right to recover conditional payments under the MSP law.  The assignment contract was executed by individuals of majority, of sound mind, and with legal authority to bind the respective parties.  The assignment was entered into under Florida law.  By the terms of the contract, the parties are required to maintain confidentiality relating to the existence of the assignment contract.  On 6/12/2017, MSP Recovery, LLC entered into an agreement with MSP Recovery Claims, Series LLC, irrevocably assigning its right to recover conditional payments under the MSP law as assigned from ███████████████.  This

assignment was made pursuant to the Series 16-02-438 agreement. This second assignment contract was executed by individuals of majority, of sound mind, and with legal authority to bind the respective parties.  This second assignment was entered into under Delaware law. Consideration was given between each party in executing these assignments.

55.     On 11/23/2015, ███████████ entered into an agreement with MSP Recovery, LLC, irrevocably assigning its right to recover conditional payments under the MSP law.  The assignment contract was executed by individuals of majority, of sound mind, and with legal authority to bind the respective parties.  The assignment was entered into under Florida law.  By the terms of the contract, the parties are required to maintain confidentiality relating to the existence of the assignment contract.  On 6/12/2017, MSP Recovery, LLC entered into an agreement with MSP Recovery Claims, Series LLC, irrevocably assigning its right to recover conditional payments under the MSP law as assigned from ███████████. This assignment was made pursuant to the Series 15-08-24 agreement.  This second assignment contract was executed by individuals of majority, of sound mind, and with legal authority to bind the respective parties.  This second assignment was entered into under Delaware law. Consideration was given between each party in executing these assignments.

56.     On 12/16/2015, ███████████████ entered into an agreement with MSP Recovery, LLC, irrevocably assigning its right to recover conditional payments under the MSP law.  The assignment contract was executed by individuals of majority, of sound mind, and with legal authority to bind the respective parties.  The assignment was entered into under Florida law.  By the terms of the contract, the parties are required to maintain confidentiality relating to the existence of the assignment contract.  On 6/12/2017, MSP Recovery, LLC entered into an agreement with MSP Recovery Claims, Series LLC, irrevocably assigning its right to

recover conditional payments under the MSP law as assigned from ███████████ ███████████. This assignment was made pursuant to the Series 15-12-407 agreement. This second assignment contract was executed by individuals of majority, of sound mind, and with legal authority to bind the respective parties. This second assignment was entered into under Delaware law. Consideration was given between each party in executing these assignments.

57. On 3/31/2016, ███████████████████████ entered into an agreement with MSP Recovery, LLC, irrevocably assigning its right to recover conditional payments under the MSP law. The assignment contract was executed by individuals of majority, of sound mind, and with legal authority to bind the respective parties. The assignment was entered into under Puerto Rico law. By the terms of the contract, the parties are required to maintain confidentiality relating to the existence of the assignment contract. On 6/12/2017, MSP Recovery, LLC entered into an agreement with MSP Recovery Claims, Series LLC, irrevocably assigning its right to recover conditional payments under the MSP law as assigned from ███████████████████. This assignment was made pursuant to the Series 16-04-448 agreement. This second assignment contract was executed by individuals of majority, of sound mind, and with legal authority to bind the respective parties. This second assignment was entered into under Delaware law. Consideration was given between each party in executing these assignments.

58. On 11/23/2015, ███████████████████ entered into an agreement with MSP Recovery, LLC, irrevocably assigning its right to recover conditional payments under the MSP law. The assignment contract was executed by individuals of majority, of sound mind, and with legal authority to bind the respective parties. The assignment was entered into under Florida law. By the terms of the contract, the parties are required to maintain confidentiality

relating to the existence of the assignment contract.  On 6/12/2017, MSP Recovery, LLC entered into an agreement with MSP Recovery Claims, Series LLC, irrevocably assigning its right to recover conditional payments under the MSP law as assigned from ███████████ ███████████.  This assignment was made pursuant to the Series 15-08-26 agreement.  This second assignment contract was executed by individuals of majority, of sound mind, and with legal authority to bind the respective parties.  This second assignment was entered into under Delaware law.  Consideration was given between each party in executing these assignments.

59.     On 8/13/2015, ███████████████ entered into an agreement with MSP Recovery 15-222, LLC, irrevocably assigning its right to recover conditional payments under the MSP law.  The assignment contract was executed by individuals of majority, of sound mind, and with legal authority to bind the respective parties.  The assignment was entered into under Florida law.  By the terms of the contract, the parties are required to maintain confidentiality relating to the existence of the assignment contract.  On 6/12/2017, MSP Recovery 15-522, LLC entered into an agreement with MSP Recovery Claims, Series LLC, irrevocably assigning its right to recover conditional payments under the MSP law as assigned from ████████████ ██████.  This assignment was made pursuant to the Series 15-09-281 agreement.  This second assignment contract was executed by individuals of majority, of sound mind, and with legal authority to bind the respective parties.  This second assignment was entered into under Delaware law.  Consideration was given between each party in executing these assignments.

60.     On 6/19/2017, █████████████████ entered into an agreement with MSP Recovery LLC, irrevocably assigning its right to recover conditional payments under the MSP law.  The assignment contract was executed by individuals of majority, of sound mind, and with legal authority to bind the respective parties.  The assignment was entered into under

23

Massachusetts law.  By the terms of the contract, the parties are required to maintain confidentiality relating to the existence of the assignment contract.  On 6/20/2017, MSP Recovery, LLC entered into an agreement with MSP Recovery Claims, Series LLC, irrevocably assigning its right to recover conditional payments under the MSP law as assigned from █████████ ████████████████████.  This assignment was made pursuant to the Series 17-04-631 agreement. This second assignment contract was executed by individuals of majority, of sound mind, and with legal authority to bind the respective parties.  This second assignment was entered into under Delaware law.  Consideration was given between each party in executing these assignments.

61.     On 10/9/2015, ████████████████ entered into an agreement with MSP Recovery 529, LLC, irrevocably assigning its right to recover conditional payments under the MSP law.  The assignment contract was executed by individuals of majority, of sound mind, and with legal authority to bind the respective parties.  The assignment was entered into under Florida law.  By the terms of the contract, the parties are required to maintain confidentiality relating to the existence of the assignment contract.  On 6/12/2017, MSP Recovery 529, LLC entered into an agreement with MSP Recovery Claims, Series LLC, irrevocably assigning its right to recover conditional payments under the MSP law as assigned from ███████████████ ████.  This assignment was made pursuant to the Series 15-09-284 agreement. This second assignment contract was executed by individuals of majority, of sound mind, and with legal authority to bind the respective parties.  This second assignment was entered into under Delaware law.  Consideration was given between each party in executing these assignments.

62.     On 2/26/2016, ████████████████ entered into an agreement with MSP Recovery, LLC, irrevocably assigning its right to recover conditional payments under the MSP

law.  The assignment contract was executed by individuals of majority, of sound mind, and with

legal authority to bind the respective parties.  The assignment was entered into under Puerto Rico

law.  By the terms of the contract, the parties are required to maintain confidentiality relating to

the existence of the assignment contract.  On 6/12/2017, MSP Recovery, LLC entered into an

agreement with MSP Recovery Claims, Series LLC, irrevocably assigning its right to recover

conditional payments under the MSP law as assigned from ███████████████.  This

assignment was made pursuant to the Series 16-03-442 agreement. This second assignment

contract was executed by individuals of majority, of sound mind, and with legal authority to bind

the respective parties.  This second assignment was entered into under Delaware law.

Consideration was given between each party in executing these assignments.

63.     On 8/12/2015, ████████████████████ entered into an agreement

with MSP Recovery, LLC, irrevocably assigning its right to recover conditional payments under

the MSP law.  The assignment contract was executed by individuals of majority, of sound mind,

and with legal authority to bind the respective parties.  The assignment was entered into under

Florida law.  By the terms of the contract, the parties are required to maintain confidentiality

relating to the existence of the assignment contract.  On 6/12/2017, MSP Recovery, LLC entered

into an agreement with MSP Recovery Claims, Series LLC, irrevocably assigning its right to

recover conditional payments under the MSP law as assigned from ████████████

█████████.  This assignment was made pursuant to the Series 15-08-15 agreement. This

second assignment contract was executed by individuals of majority, of sound mind, and with

legal authority to bind the respective parties.  This second assignment was entered into under

Delaware law.  Consideration was given between each party in executing these assignments.

64.     On 8/12/2015, █████████████ entered into an agreement with MSP

Recovery, LLC, irrevocably assigning its right to recover conditional payments under the MSP law. The assignment contract was executed by individuals of majority, of sound mind, and with legal authority to bind the respective parties. The assignment was entered into under Florida law. By the terms of the contract, the parties are required to maintain confidentiality relating to the existence of the assignment contract. On 6/12/2017, MSP Recovery, LLC entered into an agreement with MSP Recovery Claims, Series LLC, irrevocably assigning its right to recover conditional payments under the MSP law as assigned from ███████████████. This assignment was made pursuant to the Series 15-08-16 agreement. This second assignment contract was executed by individuals of majority, of sound mind, and with legal authority to bind the respective parties. This second assignment was entered into under Delaware law. Consideration was given between each party in executing these assignments.

65. On 12/10/2015, █████████████████████████ entered into an agreement with MSP Recovery 15-626, LLC, irrevocably assigning its right to recover conditional payments under the MSP law. The assignment contract was executed by individuals of majority, of sound mind, and with legal authority to bind the respective parties. The assignment was entered into under Florida law. By the terms of the contract, the parties are required to maintain confidentiality relating to the existence of the assignment contract. On 6/12/2017, MSP Recovery 15-626, LLC entered into an agreement with MSP Recovery Claims, Series LLC, irrevocably assigning its right to recover conditional payments under the MSP law as assigned from ████████████████████. This assignment was made pursuant to the Series 15-12-403 agreement. This second assignment contract was executed by individuals of majority, of sound mind, and with legal authority to bind the respective parties. This second assignment was entered into under Delaware law. Consideration was given between each party

26

in executing these assignments.

66.    On 2/4/2016, ███████████████████ entered into an agreement with MSP Recovery, LLC, irrevocably assigning its right to recover conditional payments under the MSP law.  The assignment contract was executed by individuals of majority, of sound mind, and with legal authority to bind the respective parties.  The assignment was entered into under Florida law.  By the terms of the contract, the parties are required to maintain confidentiality relating to the existence of the assignment contract.  On 6/12/2017, MSP Recovery, LLC entered into an agreement with MSP Recovery Claims, Series LLC, irrevocably assigning its right to recover conditional payments under the MSP law as assigned from ███████████████ ███████.  This assignment was made pursuant to the Series 16-02-433 agreement.  This second assignment contract was executed by individuals of majority, of sound mind, and with legal authority to bind the respective parties.  This second assignment was entered into under Delaware law.  Consideration was given between each party in executing these assignments.

67.    On 2/2/2015, ██████████████████ entered into an agreement with MSP Recovery, LLC, irrevocably assigning its right to recover conditional payments under the MSP law.  The assignment contract was executed by individuals of majority, of sound mind, and with legal authority to bind the respective parties.  The assignment was entered into under Florida law.  By the terms of the contract, the parties are required to maintain confidentiality relating to the existence of the assignment contract.  On 6/12/2017, MSP Recovery, LLC entered into an agreement with MSP Recovery Claims, Series LLC, irrevocably assigning its right to recover conditional payments under the MSP law as assigned from ██████████████████.  This assignment was made pursuant to the Series 16-02-429 agreement. This second assignment contract was executed by individuals of majority, of sound mind, and with legal authority to bind

the respective parties.  This second assignment was entered into under Delaware law.

Consideration was given between each party in executing these assignments.

68.     On 2/4/2016, ███████████████ entered into an agreement with MSP

Recovery, LLC, irrevocably assigning its right to recover conditional payments under the MSP

law.  The assignment contract was executed by individuals of majority, of sound mind, and with

legal authority to bind the respective parties.  The assignment was entered into under Florida

law.  By the terms of the contract, the parties are required to maintain confidentiality relating to

the existence of the assignment contract.  On 6/12/2017, MSP Recovery, LLC entered into an

agreement with MSP Recovery Claims, Series LLC, irrevocably assigning its right to recover

conditional payments under the MSP law as assigned from ██████████████. This

assignment was made pursuant to the Series 16-02-428 agreement. This second assignment

contract was executed by individuals of majority, of sound mind, and with legal authority to bind

the respective parties.  This second assignment was entered into under Delaware law.

Consideration was given between each party in executing these assignments.

69.     On 4/28/2016, ████████████████ entered into an agreement

with MSP Recovery, LLC, irrevocably assigning its right to recover conditional payments under

the MSP law.  The assignment contract was executed by individuals of majority, of sound mind,

and with legal authority to bind the respective parties.  The assignment was entered into under

Florida law.  By the terms of the contract, the parties are required to maintain confidentiality

relating to the existence of the assignment contract.  On 6/12/2017, MSP Recovery, LLC entered

into an agreement with MSP Recovery Claims, Series LLC, irrevocably assigning its right to

recover conditional payments under the MSP law as assigned from ████████████

████████.  This assignment was made pursuant to the Series 16-05-456 agreement.  This second

assignment contract was executed by individuals of majority, of sound mind, and with legal authority to bind the respective parties.  This second assignment was entered into under Delaware law.  Consideration was given between each party in executing these assignments.

70.     On 8/28/2015, ████████████████ entered into an agreement with MSP Recovery, LLC, irrevocably assigning its right to recover conditional payments under the MSP law.  The assignment contract was executed by individuals of majority, of sound mind, and with legal authority to bind the respective parties.  The assignment was entered into under Florida law.  By the terms of the contract, the parties are required to maintain confidentiality relating to the existence of the assignment contract.  On 6/12/2017, MSP Recovery, LLC entered into an agreement with MSP Recovery Claims, Series LLC, irrevocably assigning its right to recover conditional payments under the MSP law as assigned from ████████████████ ██. This assignment was made pursuant to the Series 15-08-27 agreement. This second assignment contract was executed by individuals of majority, of sound mind, and with legal authority to bind the respective parties.  This second assignment was entered into under Delaware law.  Consideration was given between each party in executing these assignments.

71.     On 10/8/2015, ████████████████ entered into an agreement with MSP Recovery 15-475, LLC, irrevocably assigning its right to recover conditional payments under the MSP law.  The assignment contract was executed by individuals of majority, of sound mind, and with legal authority to bind the respective parties.  The assignment was entered into under Florida law.  By the terms of the contract, the parties are required to maintain confidentiality relating to the existence of the assignment contract.  On 6/12/2017, MSP Recovery 15-475, LLC entered into an agreement with MSP Recovery Claims, Series LLC, irrevocably assigning its right to recover conditional payments under the MSP law as assigned

from ███████████████. This assignment was made pursuant to the Series 15-09-273 agreement. This second assignment contract was executed by individuals of majority, of sound mind, and with legal authority to bind the respective parties. This second assignment was entered into under Delaware law. Consideration was given between each party in executing these assignments.

72.     On 9/14/2015, ██████████████ entered into an agreement with MSP Recovery, LLC, irrevocably assigning its right to recover conditional payments under the MSP law. The assignment contract was executed by individuals of majority, of sound mind, and with legal authority to bind the respective parties. The assignment was entered into under Florida law. By the terms of the contract, the parties are required to maintain confidentiality relating to the existence of the assignment contract. On 6/12/2017, MSP Recovery, LLC entered into an agreement with MSP Recovery Claims, Series LLC, irrevocably assigning its right to recover conditional payments under the MSP law as assigned from ██████████████. This assignment was made pursuant to the Series 15-08-19 agreement. This second assignment contract was executed by individuals of majority, of sound mind, and with legal authority to bind the respective parties. This second assignment was entered into under Delaware law. Consideration was given between each party in executing these assignments.

73.     On 8/11/2015, ██████████████ entered into an agreement with MSP Recovery, LLC, irrevocably assigning its right to recover conditional payments under the MSP law. The assignment contract was executed by individuals of majority, of sound mind, and with legal authority to bind the respective parties. The assignment was entered into under Florida law. By the terms of the contract, the parties are required to maintain confidentiality relating to the existence of the assignment contract. On 6/12/2017, MSP Recovery, LLC entered into an

agreement with MSP Recovery Claims, Series LLC, irrevocably assigning its right to recover conditional payments under the MSP law as assigned from ████████████████.  This assignment was made pursuant to the Series 15-09-242 agreement.  This second assignment contract was executed by individuals of majority, of sound mind, and with legal authority to bind the respective parties.  This second assignment was entered into under Delaware law. Consideration was given between each party in executing these assignments.

74.     On 12/10/2015, ██████████████ entered into an agreement with MSP Recovery 15-625, LLC, irrevocably assigning its right to recover conditional payments under the MSP law.  The assignment contract was executed by individuals of majority, of sound mind, and with legal authority to bind the respective parties.  The assignment was entered into under Florida law.  By the terms of the contract, the parties are required to maintain confidentiality relating to the existence of the assignment contract.  On 6/12/2017, MSP Recovery 15-625, LLC entered into an agreement with MSP Recovery Claims, Series LLC, irrevocably assigning its right to recover conditional payments under the MSP law as assigned from ██████████████ ████.  This assignment was made pursuant to the Series 15-12-402 agreement.  This second assignment contract was executed by individuals of majority, of sound mind, and with legal authority to bind the respective parties.  This second assignment was entered into under Delaware law.  Consideration was given between each party in executing these assignments.

75.     On 12/10/2015, ██████████████ entered into an agreement with MSP Recovery 15-623, LLC, irrevocably assigning its right to recover conditional payments under the MSP law.  The assignment contract was executed by individuals of majority, of sound mind, and with legal authority to bind the respective parties.  The assignment was entered into under Florida law.  By the terms of the contract, the parties are required to maintain confidentiality

relating to the existence of the assignment contract.  On 6/12/2017, MSP Recovery 15-623, LLC entered into an agreement with MSP Recovery Claims, Series LLC, irrevocably assigning its right to recover conditional payments under the MSP law as assigned from ████████████. This assignment was made pursuant to the Series 15-12-400 agreement. This second assignment contract was executed by individuals of majority, of sound mind, and with legal authority to bind the respective parties.  This second assignment was entered into under Delaware law. Consideration was given between each party in executing these assignments.

76.     On 2/18/2016, ████████████████████ entered into an agreement with MSP Recovery, LLC, irrevocably assigning its right to recover conditional payments under the MSP law.  The assignment contract was executed by individuals of majority, of sound mind, and with legal authority to bind the respective parties.  The assignment was entered into under Florida law.  By the terms of the contract, the parties are required to maintain confidentiality relating to the existence of the assignment contract.  On 6/12/2017, MSP Recovery, LLC entered into an agreement with MSP Recovery Claims, Series LLC, irrevocably assigning its right to recover conditional payments under the MSP law as assigned from ████████████████ ████████.  This assignment was made pursuant to the Series 16-02-436 agreement. This second assignment contract was executed by individuals of majority, of sound mind, and with legal authority to bind the respective parties.  This second assignment was entered into under Delaware law.  Consideration was given between each party in executing these assignments.

77.     On 12/10/2015, ██████████████████ entered into an agreement with MSP Recovery 15-622, LLC, irrevocably assigning its right to recover conditional payments under the MSP law.  The assignment contract was executed by individuals of majority, of sound mind, and with legal authority to bind the respective parties.  The assignment was entered into

under Florida law.  By the terms of the contract, the parties are required to maintain confidentiality relating to the existence of the assignment contract.  On 6/12/2017, MSP Recovery 15-622, LLC entered into an agreement with MSP Recovery Claims, Series LLC, irrevocably assigning its right to recover conditional payments under the MSP law as assigned from ██████████████.  This assignment was made pursuant to the Series 15-12-399 agreement.  This second assignment contract was executed by individuals of majority, of sound mind, and with legal authority to bind the respective parties.  This second assignment was entered into under Delaware law.  Consideration was given between each party in executing these assignments.

78.    On 2/28/2017, ████████████████████ entered into an agreement with MSP Recovery, LLC, irrevocably assigning its right to recover conditional payments under the MSP law.  The assignment contract was executed by individuals of majority, of sound mind, and with legal authority to bind the respective parties.  The assignment was entered into under Florida law.  By the terms of the contract, the parties are required to maintain confidentiality relating to the existence of the assignment contract.  On 6/12/2017, MSP Recovery, LLC entered into an agreement with MSP Recovery Claims, Series LLC, irrevocably assigning its right to recover conditional payments under the MSP law as assigned from ████ ██████████████.  This assignment was made pursuant to the Series 17-02-565 agreement.  This second assignment contract was executed by individuals of majority, of sound mind, and with legal authority to bind the respective parties.  This second assignment was entered into under Delaware law.  Consideration was given between each party in executing these assignments.

79.    On 12/10/2015, ██████████████ entered into an agreement with MSP

Recovery 15-621, LLC, irrevocably assigning its right to recover conditional payments under the MSP law.  The assignment contract was executed by individuals of majority, of sound mind, and with legal authority to bind the respective parties.  The assignment was entered into under Florida law.  By the terms of the contract, the parties are required to maintain confidentiality relating to the existence of the assignment contract.  On 6/12/2017, MSP Recovery 15-621, LLC entered into an agreement with MSP Recovery Claims, Series LLC, irrevocably assigning its right to recover conditional payments under the MSP law as assigned from █████████████

████.  This assignment was made pursuant to the Series 15-12-398 agreement. This second assignment contract was executed by individuals of majority, of sound mind, and with legal authority to bind the respective parties.  This second assignment was entered into under Delaware law.  Consideration was given between each party in executing these assignments.

80.    On 6/12/2017, ████████████████ entered into an agreement with MSP Recovery, LLC, irrevocably assigning its right to recover conditional payments under the MSP law.  The assignment contract was executed by individuals of majority, of sound mind, and with legal authority to bind the respective parties.  The assignment was entered into under Florida law.  By the terms of the contract, the parties are required to maintain confidentiality relating to the existence of the assignment contract.  On 6/20/2017, MSP Recovery, LLC entered into an agreement with MSP Recovery Claims, Series LLC, irrevocably assigning its right to recover conditional payments under the MSP law as assigned from █████████████.  This assignment was made pursuant to the Series 17-02-554 agreement. This second assignment contract was executed by individuals of majority, of sound mind, and with legal authority to bind the respective parties.  This second assignment was entered into under Delaware law.  Consideration was given between each party in executing these assignments.

81.     On 12/10/2015, ▮▮▮▮▮▮▮ entered into an agreement with MSP Recovery 15-624, LLC, irrevocably assigning its right to recover conditional payments under the MSP law. The assignment contract was executed by individuals of majority, of sound mind, and with legal authority to bind the respective parties.  The assignment was entered into under Florida law.  By the terms of the contract, the parties are required to maintain confidentiality relating to the existence of the assignment contract.  On 6/12/2017, MSP Recovery 15-624, LLC entered into an agreement with MSP Recovery Claims, Series LLC, irrevocably assigning its right to recover conditional payments under the MSP law as assigned from ▮▮▮▮▮▮.  This assignment was made pursuant to the Series 15-12-401 agreement.  This second assignment contract was executed by individuals of majority, of sound mind, and with legal authority to bind the respective parties.  This second assignment was entered into under Delaware law.  Consideration was given between each party in executing these assignments.

82.     On 8/12/2015, ▮▮▮▮▮▮▮▮▮ entered into an agreement with MSP Recovery, LLC, irrevocably assigning its right to recover conditional payments under the MSP law.  The assignment contract was executed by individuals of majority, of sound mind, and with legal authority to bind the respective parties.  The assignment was entered into under Florida law.  By the terms of the contract, the parties are required to maintain confidentiality relating to the existence of the assignment contract.  On 6/12/2017, MSP Recovery, LLC entered into an agreement with MSP Recovery Claims, Series LLC, irrevocably assigning its right to recover conditional payments under the MSP law as assigned from ▮▮▮▮▮▮▮▮ ▮▮.  This assignment was made pursuant to the Series 15-08-14 agreement.  This second assignment contract was executed by individuals of majority, of sound mind, and with legal authority to bind the respective parties.  This second assignment was entered into under

Delaware law.  Consideration was given between each party in executing these assignments.

83.    On 11/8/2016, ████████████████ entered into an agreement with MSP Recovery, LLC, irrevocably assigning its right to recover conditional payments under the MSP law.  The assignment contract was executed by individuals of majority, of sound mind, and with legal authority to bind the respective parties.  The assignment was entered into under Florida law.  By the terms of the contract, the parties are required to maintain confidentiality relating to the existence of the assignment contract.  On 6/12/2017, MSP Recovery, LLC entered into an agreement with MSP Recovery Claims, Series LLC, irrevocably assigning its right to recover conditional payments under the MSP law as assigned from ████████████████.  This assignment was made pursuant to the Series 16-11-524 agreement.  This second assignment contract was executed by individuals of majority, of sound mind, and with legal authority to bind the respective parties.  This second assignment was entered into under Delaware law. Consideration was given between each party in executing these assignments.

84.    On 12/23/2015, █████████████████████████ entered into an agreement with MSP Recovery 16-1, LLC, irrevocably assigning its right to recover conditional payments under the MSP law.  The assignment contract was executed by individuals of majority, of sound mind, and with legal authority to bind the respective parties.  The assignment was entered into under Florida law.  By the terms of the contract, the parties are required to maintain confidentiality relating to the existence of the assignment contract.  On 6/12/2017, MSP Recovery 16-1, LLC entered into an agreement with MSP Recovery Claims, Series LLC, irrevocably assigning its right to recover conditional payments under the MSP law as assigned from ████████████████████.  This assignment was made pursuant to the Series 16-01-409 agreement.  This second assignment contract was executed by individuals of

majority, of sound mind, and with legal authority to bind the respective parties.  This second assignment was entered into under Delaware law.  Consideration was given between each party in executing these assignments.

85.     On 10/29/2015, ███████████████████████████ entered into an agreement with MSP Recovery 15-580, LLC, irrevocably assigning its right to recover conditional payments under the MSP law.  The assignment contract was executed by individuals of majority, of sound mind, and with legal authority to bind the respective parties.  The assignment was entered into under Florida law.  By the terms of the contract, the parties are required to maintain confidentiality relating to the existence of the assignment contract.  On 6/12/2017, MSP Recovery 15-580, LLC entered into an agreement with MSP Recovery Claims, Series LLC, irrevocably assigning its right to recover conditional payments under the MSP law as assigned from ███████████████████████.  This assignment was made pursuant to the Series 15-10-362 agreement.  This second assignment contract was executed by individuals of majority, of sound mind, and with legal authority to bind the respective parties.  This second assignment was entered into under Delaware law.  Consideration was given between each party in executing these assignments.

86.     On 10/9/2015, ████████████████ entered into an agreement with MSP Recovery 15-333, LLC, irrevocably assigning its right to recover conditional payments under the MSP law.  The assignment contract was executed by individuals of majority, of sound mind, and with legal authority to bind the respective parties.  The assignment was entered into under Florida law.  By the terms of the contract, the parties are required to maintain confidentiality relating to the existence of the assignment contract.  On 6/12/2017, MSP Recovery 15-333, LLC entered into an agreement with MSP Recovery Claims, Series LLC, irrevocably assigning its

right to recover conditional payments under the MSP law as assigned from

███████████████. This assignment was made pursuant to the Series 15-09-293

agreement. This second assignment contract was executed by individuals of majority, of sound

mind, and with legal authority to bind the respective parties.  This second assignment was

entered into under Delaware law.  Consideration was given between each party in executing

these assignments.

       87.    On 12/3/2015, ███████████████ entered into an agreement with MSP

Recovery, LLC, irrevocably assigning its right to recover conditional payments under the MSP

law.  The assignment contract was executed by individuals of majority, of sound mind, and with

legal authority to bind the respective parties.  The assignment was entered into under Florida

law.  By the terms of the contract, the parties are required to maintain confidentiality relating to

the existence of the assignment contract.  On 6/12/2017, MSP Recovery, LLC entered into an

agreement with MSP Recovery Claims, Series LLC, irrevocably assigning its right to recover

conditional payments under the MSP law as assigned from ███████████████.  This

assignment was made pursuant to the Series 15-12-396 agreement.  This second assignment

contract was executed by individuals of majority, of sound mind, and with legal authority to bind

the respective parties.  This second assignment was entered into under Delaware law.

Consideration was given between each party in executing these assignments.

       88.    On 12/13/2016, ███████████████ entered into an agreement with MSP

Recovery, LLC, irrevocably assigning its right to recover conditional payments under the MSP

law.  The assignment contract was executed by individuals of majority, of sound mind, and with

legal authority to bind the respective parties.  The assignment was entered into under Florida

law.  By the terms of the contract, the parties are required to maintain confidentiality relating to

the existence of the assignment contract.  On 6/12/2017, MSP Recovery, LLC entered into an agreement with MSP Recovery Claims, Series LLC, irrevocably assigning its right to recover conditional payments under the MSP law as assigned from ████████████████.  This assignment was made pursuant to the Series 16-10-504 agreement. This second assignment contract was executed by individuals of majority, of sound mind, and with legal authority to bind the respective parties.  This second assignment was entered into under Delaware law. Consideration was given between each party in executing these assignments.

89.     On 2/2/2016, ███████████████████ entered into an agreement with MSP Recovery, LLC, irrevocably assigning its right to recover conditional payments under the MSP law.  The assignment contract was executed by individuals of majority, of sound mind, and with legal authority to bind the respective parties.  The assignment was entered into under Florida law.  By the terms of the contract, the parties are required to maintain confidentiality relating to the existence of the assignment contract.  On 6/12/2017, MSP Recovery, LLC entered into an agreement with MSP Recovery Claims, Series LLC, irrevocably assigning its right to recover conditional payments under the MSP law as assigned from ██████ ████████████████.  This assignment was made pursuant to the Series 16-02-425 agreement.  This second assignment contract was executed by individuals of majority, of sound mind, and with legal authority to bind the respective parties.  This second assignment was entered into under Delaware law.  Consideration was given between each party in executing these assignments.

90.     On 5/6/2016, ██████████████████ entered into an agreement with MSP Recovery, LLC, irrevocably assigning its right to recover conditional payments under the MSP law.  The assignment contract was executed by individuals of majority, of sound mind, and with

legal authority to bind the respective parties.  The assignment was entered into under Puerto Rico law.  By the terms of the contract, the parties are required to maintain confidentiality relating to the existence of the assignment contract.  On 6/12/2017, MSP Recovery, LLC entered into an agreement with MSP Recovery Claims, Series LLC, irrevocably assigning its right to recover conditional payments under the MSP law as assigned from ████████████████.  This assignment was made pursuant to the Series 16-05-457 agreement. This second assignment contract was executed by individuals of majority, of sound mind, and with legal authority to bind the respective parties.  This second assignment was entered into under Delaware law.  Consideration was given between each party in executing these assignments.

91.    On 4/16/2016, ████████████████ entered into an agreement with MSP Recovery, LLC, irrevocably assigning its right to recover conditional payments under the MSP law.  The assignment contract was executed by individuals of majority, of sound mind, and with legal authority to bind the respective parties.  The assignment was entered into under Puerto Rico law.  By the terms of the contract, the parties are required to maintain confidentiality relating to the existence of the assignment contract.  On 6/12/2017, MSP Recovery, LLC entered into an agreement with MSP Recovery Claims, Series LLC, irrevocably assigning its right to recover conditional payments under the MSP law as assigned from ████████████████ ████████.  This assignment was made pursuant to the Series 16-04-454 agreement.  This second assignment contract was executed by individuals of majority, of sound mind, and with legal authority to bind the respective parties.  This second assignment was entered into under Delaware law.  Consideration was given between each party in executing these assignments.

92.    On 2/18/2016, ████████████████ entered into an agreement with MSP Recovery, LLC, irrevocably assigning its right to recover conditional payments under

the MSP law.  The assignment contract was executed by individuals of majority, of sound mind, and with legal authority to bind the respective parties.  The assignment was entered into under Florida law.  By the terms of the contract, the parties are required to maintain confidentiality relating to the existence of the assignment contract.  On 6/12/2017, MSP Recovery, LLC entered into an agreement with MSP Recovery Claims, Series LLC, irrevocably assigning its right to recover conditional payments under the MSP law as assigned from ███████████████ ██████. This assignment was made pursuant to the Series 16-02-435 agreement. This second assignment contract was executed by individuals of majority, of sound mind, and with legal authority to bind the respective parties.  This second assignment was entered into under Delaware law.  Consideration was given between each party in executing these assignments.

93.     On 8/13/2015, █████████████████████ entered into an agreement with MSP Recovery 200, LLC, irrevocably assigning its right to recover conditional payments under the MSP law.  The assignment contract was executed by individuals of majority, of sound mind, and with legal authority to bind the respective parties.  The assignment was entered into under Florida law.  By the terms of the contract, the parties are required to maintain confidentiality relating to the existence of the assignment contract.  On 6/12/2017, MSP Recovery 200, LLC entered into an agreement with MSP Recovery Claims, Series LLC, irrevocably assigning its right to recover conditional payments under the MSP law as assigned from ████████████████. This assignment was made pursuant to the Series 15-08-21 agreement.  This second assignment contract was executed by individuals of majority, of sound mind, and with legal authority to bind the respective parties.  This second assignment was entered into under Delaware law.  Consideration was given between each party in executing these assignments.

94.     On 1/15/2016, ███████████████████████ entered into an agreement with MSP Recovery, LLC, irrevocably assigning its right to recover conditional payments under the MSP law.  The assignment contract was executed by individuals of majority, of sound mind, and with legal authority to bind the respective parties.  The assignment was entered into under Puerto Rico law.  By the terms of the contract, the parties are required to maintain confidentiality relating to the existence of the assignment contract.  On 6/12/2017, MSP Recovery, LLC entered into an agreement with MSP Recovery Claims, Series LLC, irrevocably assigning its right to recover conditional payments under the MSP law as assigned from ██████ ██████████████████.  This assignment was made pursuant to the Series 16-01-413 agreement.  This second assignment contract was executed by individuals of majority, of sound mind, and with legal authority to bind the respective parties.  This second assignment was entered into under Delaware law.  Consideration was given between each party in executing these assignments.

95.     On 4/20/2015, ████████████████ entered into an agreement with MSP Recovery, LLC, irrevocably assigning its right to recover conditional payments under the MSP law.  The assignment contract was executed by individuals of majority, of sound mind, and with legal authority to bind the respective parties.  The assignment was entered into under Florida law.  By the terms of the contract, the parties are required to maintain confidentiality relating to the existence of the assignment contract.  On 6/12/2017, MSP Recovery, LLC entered into an agreement with MSP Recovery Claims, Series LLC, irrevocably assigning its right to recover conditional payments under the MSP law as assigned from █████████████.  This assignment was made pursuant to the Series 15-11-384 agreement.  This second assignment contract was executed by individuals of majority, of sound mind, and with legal authority to bind

42

the respective parties.  This second assignment was entered into under Delaware law.

Consideration was given between each party in executing these assignments.

96.     On 10/29/2015, ███████████████████████ entered into an agreement

with MSP Recovery, 15-604 LLC, irrevocably assigning its right to recover conditional

payments under the MSP law.  The assignment contract was executed by individuals of majority,

of sound mind, and with legal authority to bind the respective parties.  The assignment was

entered into under Florida law.  By the terms of the contract, the parties are required to maintain

confidentiality relating to the existence of the assignment contract.  On 6/12/2017, MSP

Recovery, 15-604 LLC entered into an agreement with MSP Recovery Claims, Series LLC,

irrevocably assigning its right to recover conditional payments under the MSP law as assigned

from ██████████████████████.  This assignment was made pursuant to the Series

15-11-383 agreement.  This second assignment contract was executed by individuals of majority,

of sound mind, and with legal authority to bind the respective parties.  This second assignment

was entered into under Delaware law.  Consideration was given between each party in executing

these assignments.

97.     On 2/26/2016, ███████████████████ entered into an agreement with

MSP Recovery, LLC, irrevocably assigning its right to recover conditional payments under the

MSP law.  The assignment contract was executed by individuals of majority, of sound mind, and

with legal authority to bind the respective parties.  The assignment was entered into under Puerto

Rico law.  By the terms of the contract, the parties are required to maintain confidentiality

relating to the existence of the assignment contract.  On 6/12/2017, MSP Recovery, LLC entered

into an agreement with MSP Recovery Claims, Series LLC, irrevocably assigning its right to

recover conditional payments under the MSP law as assigned from ███████████████

███. This assignment was made pursuant to the Series 16-03-440 agreement. This second assignment contract was executed by individuals of majority, of sound mind, and with legal authority to bind the respective parties. This second assignment was entered into under Delaware law. Consideration was given between each party in executing these assignments.

98.    On 9/21/2015, ████████████████████████ entered into an agreement with MSP Recovery 16-2, LLC, irrevocably assigning its right to recover conditional payments under the MSP law. The assignment contract was executed by individuals of majority, of sound mind, and with legal authority to bind the respective parties. The assignment was entered into under Florida law. By the terms of the contract, the parties are required to maintain confidentiality relating to the existence of the assignment contract. On 6/12/2017, MSP Recovery 16-2, LLC entered into an agreement with MSP Recovery Claims, Series LLC, irrevocably assigning its right to recover conditional payments under the MSP law as assigned from ██████████████████████. This assignment was made pursuant to the Series 16-01-410 agreement. This second assignment contract was executed by individuals of majority, of sound mind, and with legal authority to bind the respective parties. This second assignment was entered into under Delaware law. Consideration was given between each party in executing these assignments.

99.    On 2/22/2016, ██████████████████ entered into an agreement with MSP Recovery, LLC, irrevocably assigning its right to recover conditional payments under the MSP law. The assignment contract was executed by individuals of majority, of sound mind, and with legal authority to bind the respective parties. The assignment was entered into under Florida law. By the terms of the contract, the parties are required to maintain confidentiality relating to the existence of the assignment contract. On 6/12/2017, MSP Recovery, LLC entered into an

agreement with MSP Recovery Claims, Series LLC, irrevocably assigning its right to recover

conditional payments under the MSP law as assigned from ███████████████. This

assignment was made pursuant to the Series 16-02-439 agreement.  This second assignment

contract was executed by individuals of majority, of sound mind, and with legal authority to bind

the respective parties.  This second assignment was entered into under Delaware law.

Consideration was given between each party in executing these assignments.

100.    On 11/23/2015, ████████████████████ entered into an

agreement with MSP Recovery, LLC, irrevocably assigning its right to recover conditional

payments under the MSP law.  The assignment contract was executed by individuals of majority,

of sound mind, and with legal authority to bind the respective parties.  The assignment was

entered into under Florida law.  By the terms of the contract, the parties are required to maintain

confidentiality relating to the existence of the assignment contract.  On 6/12/2017, MSP

Recovery LLC entered into an agreement with MSP Recovery Claims, Series LLC, irrevocably

assigning its right to recover conditional payments under the MSP law as assigned from █████

███████████████.  This assignment was made pursuant to the Series 15-08-23

agreement.  This second assignment contract was executed by individuals of majority, of sound

mind, and with legal authority to bind the respective parties.  This second assignment was

entered into under Delaware law.  Consideration was given between each party in executing

these assignments.

101.    On 2/18/2016, ██████████████████ entered into an

agreement with MSP Recovery, LLC, irrevocably assigning its right to recover conditional

payments under the MSP law.  The assignment contract was executed by individuals of majority,

of sound mind, and with legal authority to bind the respective parties.  The assignment was

entered into under Florida law.  By the terms of the contract, the parties are required to maintain confidentiality relating to the existence of the assignment contract.  On 6/12/2017, MSP Recovery LLC entered into an agreement with MSP Recovery Claims, Series LLC, irrevocably assigning its right to recover conditional payments under the MSP law as assigned from ███████ ████████████████████████.  This assignment was made pursuant to the Series 15-09-31 agreement.  This second assignment contract was executed by individuals of majority, of sound mind, and with legal authority to bind the respective parties.  This second assignment was entered into under Delaware law.  Consideration was given between each party in executing these assignments.

102.    On 7/26/2016, ████████████████████ entered into an agreement with MSP Recovery, LLC, irrevocably assigning its right to recover conditional payments under the MSP law.  The assignment contract was executed by individuals of majority, of sound mind, and with legal authority to bind the respective parties.  The assignment was entered into under Puerto Rico law.  By the terms of the contract, the parties are required to maintain confidentiality relating to the existence of the assignment contract.  On 6/12/2017, MSP Recovery, LLC entered into an agreement with MSP Recovery Claims, Series LLC, irrevocably assigning its right to recover conditional payments under the MSP law as assigned from ████████████████████.  This assignment was made pursuant to the Series 16-07-481 agreement.  This second assignment contract was executed by individuals of majority, of sound mind, and with legal authority to bind the respective parties.  This second assignment was entered into under Delaware law.  Consideration was given between each party in executing these assignments.

103.    On 11/21/2015, ████████████████████ entered into an agreement with MSP Recovery, LLC, irrevocably assigning its right to recover conditional payments under the

MSP law. The assignment contract was executed by individuals of majority, of sound mind, and with legal authority to bind the respective parties. The assignment was entered into under Florida law. By the terms of the contract, the parties are required to maintain confidentiality relating to the existence of the assignment contract. On 6/12/2017, MSP Recovery, LLC entered into an agreement with MSP Recovery Claims, Series LLC, irrevocably assigning its right to recover conditional payments under the MSP law as assigned from ███████████████████ ████. This assignment was made pursuant to the Series 16-01-420 agreement. This second assignment contract was executed by individuals of majority, of sound mind, and with legal authority to bind the respective parties. This second assignment was entered into under Delaware law. Consideration was given between each party in executing these assignments.

104. On 5/12/2017, ███████████ entered into an agreement with MSP Recovery, LLC, irrevocably assigning its right to recover conditional payments under the MSP law. The assignment contract was executed by individuals of majority, of sound mind, and with legal authority to bind the respective parties. The assignment was entered into under Ohio law. By the terms of the contract, the parties are required to maintain confidentiality relating to the existence of the assignment contract. On 6/12/2017, MSP Recovery, LLC entered into an agreement with MSP Recovery Claims, Series LLC, irrevocably assigning its right to recover conditional payments under the MSP law as assigned from ███████████. This assignment was made pursuant to the Series 16-11-509 agreement. This second assignment contract was executed by individuals of majority, of sound mind, and with legal authority to bind the respective parties. This second assignment was entered into under Delaware law. Consideration was given between each party in executing these assignments.

105. On 9/21/2015, █████████████████████ entered into an agreement with

47

MSP Recovery, 220, LLC, irrevocably assigning its right to recover conditional payments under the MSP law.  The assignment contract was executed by individuals of majority, of sound mind, and with legal authority to bind the respective parties.  The assignment was entered into under Florida law.  By the terms of the contract, the parties are required to maintain confidentiality relating to the existence of the assignment contract.  On 6/12/2017, MSP Recovery 220, LLC entered into an agreement with MSP Recovery Claims, Series LLC, irrevocably assigning its right to recover conditional payments under the MSP law as assigned ██████████ ██████████.  This assignment was made pursuant to the Series 15-08-10 agreement. This second assignment contract was executed by individuals of majority, of sound mind, and with legal authority to bind the respective parties.  This second assignment was entered into under Delaware law.  Consideration was given between each party in executing these assignments.

106.     On 11/9/2015, ████████████████████ entered into an agreement with MSP Recovery 15-608, LLC, irrevocably assigning its right to recover conditional payments under the MSP law.  The assignment contract was executed by individuals of majority, of sound mind, and with legal authority to bind the respective parties.  The assignment was entered into under Florida law.  By the terms of the contract, the parties are required to maintain confidentiality relating to the existence of the assignment contract.  On 6/12/2017, MSP Recovery 15-608, LLC entered into an agreement with MSP Recovery Claims, Series LLC, irrevocably assigning its right to recover conditional payments under the MSP law as assigned from ████████████████.  This assignment was made pursuant to the Series 15-11-387 agreement. This second assignment contract was executed by individuals of majority, of sound mind, and with legal authority to bind the respective parties.  This second assignment was entered into under Delaware law.  Consideration was given between each party in executing

these assignments.

107.    On 11/3/2015, ████████████████ entered into an agreement with MSP Recovery 15-131, LLC, irrevocably assigning its right to recover conditional payments under the MSP law.  The assignment contract was executed by individuals of majority, of sound mind, and with legal authority to bind the respective parties.  The assignment was entered into under Florida law.  By the terms of the contract, the parties are required to maintain confidentiality relating to the existence of the assignment contract.  On 6/12/2017, MSP Recovery 15-131, LLC entered into an agreement with MSP Recovery Claims, Series LLC, irrevocably assigning its right to recover conditional payments under the MSP law as assigned from ████████ ████████.  This assignment was made pursuant to the Series 15-11-385 agreement. This second assignment contract was executed by individuals of majority, of sound mind, and with legal authority to bind the respective parties.  This second assignment was entered into under Delaware law.  Consideration was given between each party in executing these assignments.

108.    On 11/3/2015, ████████████████ entered into an agreement with MSP Recovery 15-592, LLC, irrevocably assigning its right to recover conditional payments under the MSP law.  The assignment contract was executed by individuals of majority, of sound mind, and with legal authority to bind the respective parties.  The assignment was entered into under Florida law.  By the terms of the contract, the parties are required to maintain confidentiality relating to the existence of the assignment contract.  On 6/12/2017, MSP Recovery 15-592, LLC entered into an agreement with MSP Recovery Claims, Series LLC, irrevocably assigning its right to recover conditional payments under the MSP law as assigned from ████████████.  This assignment was made pursuant to the Series 15-11-371 agreement.  This second assignment contract was executed by individuals of majority, of sound mind, and with legal

authority to bind the respective parties.  This second assignment was entered into under Delaware law.  Consideration was given between each party in executing these assignments.

109.    On 11/23/2015, ██████████████ entered into an agreement with MSP Recovery, LLC, irrevocably assigning its right to recover conditional payments under the MSP law.  The assignment contract was executed by individuals of majority, of sound mind, and with legal authority to bind the respective parties.  The assignment was entered into under Florida law.  By the terms of the contract, the parties are required to maintain confidentiality relating to the existence of the assignment contract.  On 6/12/2017, MSP Recovery, LLC entered into an agreement with MSP Recovery Claims, Series LLC, irrevocably assigning its right to recover conditional payments under the MSP law as assigned from ████████████ ██████. This assignment was made pursuant to the Series 15-08-25 agreement. This second assignment contract was executed by individuals of majority, of sound mind, and with legal authority to bind the respective parties.  This second assignment was entered into under Delaware law.  Consideration was given between each party in executing these assignments.

110.    On 4/7/2016, ████████████ entered into an agreement with MSP Recovery, LLC, irrevocably assigning its right to recover conditional payments under the MSP law.  The assignment contract was executed by individuals of majority, of sound mind, and with legal authority to bind the respective parties.  The assignment was entered into under Florida law.  By the terms of the contract, the parties are required to maintain confidentiality relating to the existence of the assignment contract.  On 6/12/2017, MSP Recovery, LLC entered into an agreement with MSP Recovery Claims, Series LLC, irrevocably assigning its right to recover conditional payments under the MSP law as assigned from ████████████. This assignment was made pursuant to the Series 15-09-108 agreement.  This second assignment contract was

executed by individuals of majority, of sound mind, and with legal authority to bind the respective parties.  This second assignment was entered into under Delaware law. Consideration was given between each party in executing these assignments.

## **REPRESENTATIVE FACTS**

111.    Numerous Medicare beneficiaries, under Part C, were members of MAOs who have assigned their rights to Plaintiff herein ("Medicare Beneficiaries").  These Medicare Beneficiaries were also insured under automobile insurance policies issued by Defendant.  These Medicare Beneficiaries' policies with Defendant provided for coverage of medical expenses related to injuries resulting in medically necessary services and/or supplies stemming from automobile accidents.

112.    The Medicare Beneficiaries were involved in automobile accidents in Florida.  As a direct and proximate result of these automobile accidents, the Medicare Beneficiaries required medical treatment and/or supplies.  The bills for the medical treatment and/or supplies were required to be paid by Defendant.  Defendant failed to pay or reimburse the Medicare Beneficiaries' MAOs for the payments made by the MAOs that were required to be paid by them as a result of said automobile accidents.

113.    Defendant was aware of the accidents and even assigned claim numbers to said automobile accidents.  Defendant reported its responsibility as a required reporting entity ("RRE") to CMS but nevertheless failed to pay and/or properly reimburse the Medicare Beneficiaries' MAOs, Full Risk Payers and/or their assignee(s).

114.    The medical services and/or supplies rendered to the Medicare beneficiaries were charged to the beneficiaries' MAOs.  The MAOs, Full Risk Payers and/or their assignee(s) suffered a monetary injury because of Defendant's failures to pay or otherwise reimburse the

51

MAOs, Full Risk Payers and/or their assignee(s).

115.    In addition to reporting the claims to CMS, Defendant reported said automobile accidents to ISO, a national property/casualty claims database. Defendant never notified the Medicare Beneficiaries' MAOs of the automobile insurance companies' primary payer responsibility pursuant to 42 C.F.R. §411.25. To date, Defendant failed to provide details of its primary payer responsibility to Plaintiff.

116.    The basis of allegations in paragraphs 1–118 stem from Plaintiff's review of claims data.  Plaintiff has identified medical claims whereby Plaintiff's beneficiaries were involved in automobile-related accidents and experienced medical expenses as a result.  Of those claims, Plaintiff has been able to determine that those Medicare beneficiaries possessed automobile insurance policies with Defendant containing no-fault provisions.  Thus, there is reasonable evidence of overlapping coverage and evidence that the payments were made by a Medicare Part C payer instead of the primary payer, Defendant herein.  And, based on the nature of the medical treatment and Defendant's failure to reimburse Plaintiff's MAOs for those medical expenses, the data supports the good-faith allegation that Defendant's failure to pay for claims as a primary payer is widespread and systematic.  In fact, Defendant has a practice and course of conduct to not properly pay and/or of fail to reimburse the secondary payer, such as Plaintiff and the Class Members.  Full details of those claims, i.e., specific payments, coverage determinations, etc., are in Defendant's possession and will be located and assessed through the process of discovery.

117.    For the purposes of alleging a plausible claim under Fed. R. Civ. P. 8, Plaintiff is not required to plead with particularity any specific underlying claim that was not reimbursed by Defendant, i.e., the who, what, where, and when.  That sort of information is, by definition, only

required for claims involving fraud or deceit. *See* Fed. R. Civ. P. 9(b). And, considering the factual allegations regarding those claims identified by Plaintiff was located using various databases and claims data, there are sufficient alleged facts to support the elements of a claim under the Medicare Secondary Payer laws.

118. That said, for the purposes of illustration alone, and subject to the collection of additional data through discovery, Plaintiff alleges the following representative claim involving payments for medical services that Defendant was primarily responsible for. On October 4, 2012, Mr. P.T. was injured in an accident by an individual insured under Defendant's insurance policy. Mr. P.T.'s medical expenses were subsequently paid by ███████████████, whose right to recover under the MSP Act has been assigned to Plaintiff. [*See* Exhibit A, *Representative Claim's Assignments*]. As a primary payer, Defendant was statutorily obligated, but failed, to reimburse ███████████████, for those conditional payments. Defendant's failure to reimburse gives rise to statutory and common-law rights to recover these conditional payments from Defendant, which have ultimately been assigned to Plaintiff.

## CLASS DEFINITION

119. The putative class (hereinafter referred to as "Class Members") is defined as:

All non-governmental organizations, and/or their assignees, that provide benefits under Medicare Part C, in Florida, who made payments for automobile accident-related medical items and services on behalf of their beneficiaries between 2011 and 2017 (the "Class Period"), for which the Defendant had provided no-fault insurance coverage related to the medical items and services involving automobile accidents, and for which the Defendant has not reimbursed in full or in part.

This class definition excludes (a) Defendant, their officers, directors, management, employees, subsidiaries, and affiliates; and (b) any judges or justices involved in this action and any members of their immediate families.

## **CAUSES OF ACTION**

120.    The claims asserted in this Complaint arise from Medicare Services paid for by the Class Members to treat the injuries suffered by their beneficiaries as a direct result of automobile accidents.

121.    In addition to having been beneficiaries with the Class Members at the time of automobile accidents, Class Members' beneficiaries were also covered by a no-fault and/or medical payments policy issued by Defendant.

122.    Defendant failed to make primary payment and/or appropriately reimburse the Class Members.

123.    Defendant issued no-fault and/or medical payments policies and collected premiums.

124.    The Class Members advanced Medicare payments on behalf of their beneficiaries for medical treatment and supplies for which Defendant was responsible as primary payers. Defendant was primarily responsible as each enrollee was covered by the respective automobile insurance policies issued by Defendant; instead Class Members paid for the beneficiaries' Medicare Services when Defendant had the primary obligation to do so.  Accordingly, Plaintiff seeks damages on behalf of themselves and similarly situated MAOs and their assignees for Defendant's violation of the MSP provisions and direct right of recovery for breach of contract.

125.    The MAOs involved in this class action discharged their obligations and paid the medical bills for the Medicare Services rendered to their beneficiaries, which were related to automobile accidents.  *See* 42 U.S.C. § 1395w-27(f); 42 C.F.R. §§ 422.214 and 422.520. Plaintiff's rights, and those of others similarly situated, arise from the payments made by MAOs as secondary payers, for which Defendant was primarily responsible and should have themselves

paid, or properly reimbursed the MAOs for their payments.  *See* 42 U.S.C. § 1395y(b)(3)(A); 42

U.S.C. § 1395y(b)(2)(B)(ii).

## COUNT I
## Private Cause of Action Under 42 U.S.C. § 1395y(b)(3)(A)

126.    Plaintiff incorporates by reference paragraphs 1 - 125 of this Complaint.

127.    Plaintiff asserts a private cause of action pursuant to 42 U.S.C. § 1395y(b)(3)(A)

on behalf of themselves and all similarly-situated MAOs.

128.    The elements of a cause of action under 42 U.S.C. § 1395y(b)(3)(A) are: (1) the

Defendant was primary payers for a claim covered by Medicare; (2) the Defendant did not make

the primary payment or reimburse the Medicare benefit provider for its payment; and (3)

damages.

129.    Defendant offers and sells automobile insurance policies which provide no-fault

PIP or Med Pay coverage provisions.  These policy provisions are designed to pay for medical

expenses arising out of any automobile accident regardless of fault.  Accordingly, in each case

Defendant was contractually obligated to be primary payers for all Medicare services instead of

the Plaintiff and the Class Members.

130.    Defendant's insureds are also Medicare beneficiaries enrolled in the Class

Members' plan, whose automobile accident-related medical expenses were paid for by the Class

Members, including entities that assigned their recovery to Plaintiff, *i.e.*, those entities "that

provide Medicare benefits to Medicare beneficiaries for medical services, treatment, and/or

supplies under Medicare Part C."

131.    Under the MSP provisions, a payer becomes a "primary payer" when

responsibility for payment is demonstrated.  Responsibility is demonstrated by "a judgment, a

payment conditioned upon the recipient's compromise, waiver, or release (whether there is a

determination or admission of liability) of payment for items or services included in a claim against the primary plan or the primary plan's insured, or by other means." That last part, "by other means," can be demonstrated by the existence of a contractual obligation. In this case, the Defendant was contractually obligated to make accident-related medical expenses covered by the respective insurance policies, up to the limits of coverage.

132.    A number of the Defendant's insureds who had PIP or Med Pay no-fault coverage, who were also Medicare Part C beneficiaries, were involved in automobile accidents which resulted in the necessary and reasonable provision of Medicare Services.

133.    In this case, Defendant failed to administratively appeal the MAOs' right to reimbursement within the administrative remedies period on a class wide basis. Defendant, therefore, are time-barred from challenging the propriety or amounts paid.

134.    Pursuant to the underlying PIP or Med Pay policy coverages, Defendant was, as primary payers, obligated to pay for the accident-related medical expenses, up to the policy limit.[7]

135.    Instead, the Class Members and entities that have assigned their recovery rights to Plaintiff paid for those items and services as part of providing Medicare benefits.

136.    Those payments were conditional payments since the Defendant was, by law, primary payers under the MSP provisions. Pursuant to the MSP provisions, Defendant is required to reimburse Class Members for those payments when this responsibility is demonstrated through the Defendant's no-fault and/or medical payments insurance coverage.

137.    Defendant was required to timely reimburse the MAO assignors for their

_____

[7] This can be demonstrated by Defendant's issuance of no-fault and Med Pay insurance to their insureds.

conditional payments of the Enrollees' accident-related medical expenses. *See* 42 U.S.C. § 1395y(b)(2)(ii); 42 C.F.R. § 411.22(b)(3); *MSP Recovery, LLC v. Allstate Ins. Co.*, 2016 U.S. App. LEXIS 15984 (11th Cir. Aug. 30, 2016). Defendant failed to do so.

138.     Failure to reimburse Plaintiff and the Class Members for making payments has enabled Defendant to circumvent their responsibilities under the MSP provisions.

139.     Defendant has derived substantial profits by placing the burden of financing medical treatments for their policy holders upon the shoulders of MAOs.  Not only did the Defendant avoid having to pay for medical expenses it was otherwise obligated to pay, the Defendant took advantage of the less expensive costs passed on to Medicare patients.

140.     Defendant has profited from its refusal to comply with the MSP provisions.

141.     Pursuant to 42 U.S.C. § 1395y(b)(3)(A), Plaintiff and the Class Members are entitled to double damages from Defendant due to their failure to provide primary payment for those claims which the Defendant was primary payers and for which the Defendant has not provided appropriate reimbursement to the Plaintiff or Class Members.

## COUNT II
## Direct Right of Recovery Pursuant to 42 C.F.R. § 411.24(e) for Breach of Contract

142.     Plaintiff incorporates by reference paragraphs 1-125 of this Complaint.

143.     MAOs are subrogated the right to recover primary payment from Defendant for the Defendant's breach of contract with their insured, pursuant to the MSP provisions. Specifically, Defendant was contractually obligated to pay for medical expenses and items arising out of an automobile accident, and Defendant failed to meet that obligation.  This obligation was, instead, fulfilled by the Plaintiff and other Class Members.  Under the MSP provisions, Plaintiff is permitted to subrogate the enrollee/insured's right of action against the Defendant. *See* 42 C.F.R. § 411.26.

144.     Plaintiff complied with any conditions precedent to the institution of this action, to the extent applicable.

145.     Defendant failed and/or refused to make complete payments of the no-fault benefits as required by its contractual obligations.

146.     Defendant failed to pay each enrollee's covered losses, and Defendant had no reasonable proof to establish that it was not responsible for the payment.

147.     Defendant's failure to pay the medical services and/or items damaged Plaintiff and the Class Members as set forth herein.  Plaintiff and the Class Members processed medical expenses and are entitled to recover up to the statutory policy limits for each enrollee's medical expenses related to the subject automobile accidents, pursuant to their agreements with CMS and the provider of services.

## CLASS ALLEGATIONS

### Damages Relief Class

148.     This matter is brought as a class action pursuant to Federal Rule of Civil Procedure 23, on behalf of all Class Members or their assignees who paid for their beneficiaries' medical expenses associated with an automobile accident, when Defendant should have made those payments as primary payers and should have reimbursed the Class Members.

149.     As discussed in this class action Complaint, Defendant has failed to provide primary payment and/or appropriately reimburse the Class Members for money they were statutorily required to pay under the MSP provisions.  This failure to reimburse applies to Plaintiff, as the rightful assignees of those organizations that assigned their recovery rights to Plaintiff, and to all Class Members.  Class action law has long recognized that, when a company engages in conduct that has uniformly harmed a large number of claimants, class resolution is an

58

effective tool to redress the harm.  This case, thus, is well suited for class-wide resolution.

150.    Class Members have been unlawfully burdened with paying for the medical costs of their beneficiaries when the law explicitly requires Defendant to make such payments.  The Medicare Act and its subsequent amendments were constructed to ensure an efficient and cost-effective system of cooperation and communication between primary and secondary payers.  Defendant's failure to reimburse Plaintiff and Class Members runs afoul of the Medicare Act and has directly contributed to the ever-increasing costs of the Medicare system.

151.    The Class is properly brought and should be maintained as a class action under Rule 23(a), satisfying the class action prerequisites of numerosity, commonality, typicality, and adequacy shown as follows:

a.    **Numerosity**:  There are approximately 25-50 MAOs (not including its assignees) throughout Florida who were not reimbursed by Defendant under a policy which provided PIP or Med Pay coverage for medical expenses arising out of automobile accidents.  Thus, the numerosity element for class certification is met.

b.    **Commonality**:  Questions of law and fact are common to all members of the Class.  Specifically, Defendant's misconduct was directed at all Class Members, their affiliates, and those respective organizations that contracted with CMS and were identified as "secondary payers" by Medicare Part C.  Defendant failed to make reimbursement payments, report accidents involving clients who were Medicare beneficiaries, and ensure that Medicare remained a secondary payer, as a matter of course.  Thus, all Class Members have common questions of fact and law, *i.e.*, whether Defendant failed to comport with their statutory duty to pay or reimburse MAOs pursuant to the MSP provisions.  Each Class Member shares the

same needed remedy, *i.e.*, reimbursement.  Plaintiff seeks to enforce their own rights, as well as the reimbursement rights of the Class Members, for medical payments made on behalf of their Medicare Part C beneficiaries, as a result of Defendant's practice and course of conduct in failing to make primary payment or properly providing appropriate reimbursement.

c. **Typicality**:  Plaintiff's claims are typical of the Class Members' claims, as all have been damaged in the same manner. Plaintiff's and the Class Members' claims have the same essential characteristics, arise from the same course of conduct, and share the same legal theory. As the putative class representative, Plaintiff possesses the same interests and suffered the same injury as the other Class Members, which demonstrates a legally sufficient nexus between Plaintiff's claims and the Class Members' claims. Plaintiff's claims are typical of the Class Members' claims because Defendant failed to make primary payments for Medicare Beneficiaries' accident-related medical expenses, which it was obligated to do by the no-fault insurance policies it issued to the Medicare Beneficiaries and Fla. Stat. § 627.736. Plaintiff's claims are typical because Plaintiff, like the Class Members, has a right to relief for Defendant's failure to make primary payments, or reimburse Plaintiff and Class Members for conditional payments of the Medicare Beneficiaries' accident-related medical expenses. Plaintiff's and the Class Members' claims are based on the same statutes, regulations, legal theories and factual situations. Defendant's business practices, acts and omissions are materially the same with respect to Plaintiff's and the Class Members' claims, as will be Defendant's legal defenses. Plaintiff's claims are, therefore, typical of the Class.

      d.  **Adequacy**:  Plaintiff will fairly and adequately represent and protect the interests of the Class.  Plaintiff's interests in vindicating these claims are shared with all members of the Class and there are no conflicts between the named Plaintiff and the putative Class Members.  In addition, Plaintiff is represented by counsel who are competent and experienced in class action litigation and also have no conflicts. In fact, two courts have already concluded that Plaintiff's counsel is "willing and able to take an active role as class representative and advocate on behalf of all class members." *E.g., MSPA Claims 1, LLC v. Ocean Harbor Ca. Ins.*, 2017 WL 477124 (Fla. 11th Jud'l Cir. Ct. Feb. 2, 2017); *MSPA Claims 1, LLC v. IDS Property Casualty Ins. Co.*, Case No. 2015-27940 CA-01 (Fla. 11th Jud'l Cir. Ct. Apr. 20, 2017)

      e.  **Ascertainability**:  Locating members of the Class would be relatively simple, since CMS maintains records of all MAOs, i.e., those entities that have contracted with CMS pursuant to Medicare Part C, and providing notice to such entities would could be accomplished by direct communication.

152.    The Class is properly brought and should be maintained as a class action under Rule 23(b)(3) because a class action in this context is superior.  Pursuant to Rule 23(b)(3), common issues of law and fact predominate over any questions affecting only individual members of the Class ("Damages Class").  Defendant, whether deliberately or not, failed to make required payments under the MSP provisions and failed to reimburse Class Members and those organizations that assigned their recovery rights to Plaintiff, thus depriving both Plaintiff, as assignee of the right to recovery, and Class Members of their statutory right to payment and reimbursement.

153.    Plaintiff maintains a reasonable methodology for generalized proof of Class-wide impact, using a software system (the "MSP System") designed and developed by Plaintiff and its counsel. The MSP System captures, compiles, synthesizes and analyzes large amounts of data in order to identify claims for reimbursement of conditional payments. Plaintiff is capable of using the MSP System to identify and quantify Class Members' claims, as it has done for its own claims.  Further, two other courts have recognized the MSP System as a viable method to prove damages in substantially similar cases wherein the plaintiff, like in this case, asserted breach of contract causes of action under its direct right of recovery and conventional subrogation. *MSPA Claims 1, LLC v. Ocean Harbor Ca. Ins.*, 2017 WL 477124 (Fla. 11th Jud'l Cir. Ct. Feb. 2, 2017); *MSPA Claims 1, LLC v. IDS Property Casualty Ins. Co.*, Case No. 2015-27940 CA-01 (Fla. 11th Jud'l Cir. Ct. Apr. 20, 2017).

154.    Proceeding with a damages class is superior to other methods for fair and efficient adjudication of this controversy because, *inter alia*, such treatment will allow a large number of similarly-situated MAOs to litigate their common claims simultaneously, efficiently, and without the undue duplications of effort, evidence, and expense that several individual actions would induce; individual joinder of the individual members is wholly impracticable; the economic damages suffered by the individual class members may be relatively modest compared to the expense and burden of individual litigation; and the court system would benefit from a class action because individual litigation would overload court dockets and magnify the delay and expense to all parties.  The class action device presents far fewer management difficulties and provides the benefit of comprehensive supervision by a single court with economies of scale.

155.    Administering the proposed Damages Class will be relatively simple.  Defendant maintains a listing of every policy it have issued containing PIP or Med Pay coverage.

Additionally, Defendant knows which of its policy holders have been involved in an automobile accident. Once that data is compiled and organized, Plaintiff can determine which of the policy holders were Medicare beneficiaries at the time of the accident. Then, using the database, Plaintiff and the Class Members can identify those payments made for medical treatment where the Defendant was (1) the primary payers and (2) for which reimbursement was not made. Indeed, two Florida state classes were recently certified in *MSPA Claims 1, LLC v. Ocean Harbor Casualty Insurance*, Case No. 2015-1946 CA-01 (Fla. Cir. Ct. 11 Dist.) and *MSPA Claims 1, LLC v. IDS Property Casualty Insurance Co.*, Case No. 15-27940-CA-21 (Fla. Cir. Ct. 11 Dist.) using the same methodology.

## JURY TRIAL DEMAND

156.    Plaintiff demands a trial by jury on all of the triable issues within this pleading.

## PRAYER FOR RELIEF

157.    WHEREFORE, Plaintiff, individually and on behalf of the Class Members described herein, prays for the following relief:

    a.  find that this action satisfies the prerequisites for maintenance of a class action pursuant to Federal Rules of Civil Procedure 23(a) and (b)(3), and certify the respective Class;

    b.  designate Plaintiff as representative for the respective Class and Plaintiff's undersigned counsel as Class Counsel for the respective Class; and

    c.  issue a judgment against Defendant that:

        i.  grants Plaintiff and the Class Members a reimbursement of double damages for those moneys the Class is entitled to under 42 U.S.C. § 1395y(b)(3)(A);

        ii.  grants Plaintiff and the Class Members a reimbursement of damages for those moneys the Class is entitled to pursuant to their direct right of recovery for breach of contract within Count II;

iii.    grants Plaintiff and the Class Members pre-judgment and post-judgment interest consistent with the statute; and

iv.    grants Plaintiff and the Class Members such other and further relief as the Court deems just and proper under the circumstances.

Dated: December 6, 2017.          Respectfully submitted,

**MSP Recovery Law Firm**
*Counsel for Plaintiff*
5000 S.W. 75th Avenue, Suite 300
Miami, Florida 33155
Telephone: (305) 614-2239

By: */s/ Frank C. Quesada*
Frank C. Quesada, Esq., Fla. Bar No. 29411
E-mail: serve@msprecovery.com
         fquesada@msprecovery.com

## CERTIFICATE OF SERVICE

**I CERTIFY** that a true and correct copy of this motion was electronically filed with the Clerk of the Court *via* CM/ECF on this 6th day of December 2017. I also certify that the foregoing was served on all counsel or parties of record on the attached Service List either *via* transmission of Notices of Electronic Filing generated by CM/ECF or some other authorized manner for those counsel or parties who are not authorized to receive electronic Notices of Filing.

*/s/ Frank C. Quesada*